UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE ELKINS,

        Plaintiff,

v.

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, ET AL.,

        Defendants.

                                      /

Case No. 17-13717

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [21] AND GRANTING IN PART AND DENYING IN PART DEFENDANT FARM BUREAU'S MOTION FOR SUMMARY JUDGMENT [22]**

This case is a suit by an insured party against 1) her no-fault automobile insurance provider, who has refused to pay her medical bills following an accident, and 2) her ERISA medical coverage plan, who paid her medical bills and now seeks reimbursement.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Julie Elkins was struck by a drunk driver in a November 18, 2016 motor vehicle accident in Oakland County. She is insured both by her automobile insurance, Farm Bureau General Insurance of Michigan ("Farm Bureau"), and by her health insurance. Her health insurance is an ERISA plan provided through her employer, Sutter Home Winery, and administered by Blue Cross Blue Shield /

Anthem ("the SHW Plan"). The SHW Plan paid for Plaintiff's medical treatment and then requested $23,365.82 as reimbursement from Plaintiff, asserting its subrogation rights. Plaintiff in turn brought this suit to recover that money, plus an indeterminate amount of money for other accident-related treatment, from Farm Bureau. Plaintiff also asks for a declaration that Farm Bureau, as the no-fault automobile insurer, must pay all past and future liens asserted by the ERISA plan, in addition to attorney's fees.

Plaintiff brought her Complaint [Dkt. #1] on November 15, 2017.

Count I seeks declaratory relief that Plaintiff should not be required to reimburse her medical expenses to the Plan. Subpart (a) of Count I seeks an order declaring that Farm Bureau must pay any liens asserted by SWH or BCBS. Subpart (b) asks for a determination that Farm Bureau is first in priority to pay for medical expenses arising from the accident. Count II is a breach of contract claim against Farm Bureau arising from Michigan's no-fault law, specifically MCL 500.3105. Count III seeks a Declaration of Rights concerning the obligations of the parties to each other.

Plaintiff brought her Motion for Summary Judgment [21] on April 6, 2018. Defendant Farm Bureau brought its Motion for Summary Judgment [22] three days later, on April 9, 2018. On May 9, 2018, the SHW Plan Defendants filed a

Supplemental Brief [25] advocating for its reimbursement by Farm Bureau. The motions are fully briefed, and a hearing was held on January 15, 2019.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The movant bears the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the non-movant lacks evidence to support an essential element of their case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-movant cannot rest on the pleadings and must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586-87. The non-movant must "go beyond the pleadings and by…affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Rule 56(e)); *see also United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993).

## ANALYSIS

1. <u>Farm Bureau's No-Fault Insurance Coverage is Primary</u>

As a starting point, the SHW Plan's coverage is clearly secondary to Farm Bureau. The SHW Plan's Benefit Booklet states,

> "This Plan shall be secondary in coverage to any medical payments provision, no-fault automobile insurance policy or personal injury protection policy regardless of any election made by [the member] to the contrary. The Plan shall also be secondary to any excess insurance policy, including, but not limited to, school, and/or athletic policies."

(Dkt. 21-4).

Though Farm Bureau's plan also contains a coordination of benefits clause, "In such a situation involving conflicting coordination of benefits provisions, the terms of the ERISA plan, including its [Coordination of Benefits] clause, must be given full effect." *Great-West Life & Annuity Ins. Co. v. Allstate Ins. Co.*, 202 F.3d 897 (6th Cir. 2000). Farm Bureau is therefore the primary coverage provider for further expenses Plaintiff incurs as a result of her auto accident.

2. <u>The SHW Plan Has No Valid Lien against Plaintiff</u>

Plaintiff is not liable for the September 29, 2017 lien asserted by its ERISA Plan. (Dkt. 21-3). The "Subrogation and Reimbursement" Chapter of the Plan provides that the member must reimburse the plan for any recovery or right to recovery received by the Plaintiff. (Dkt. 21-4). Such a lien can only be asserted, however, against a discrete sum of money from an actual recovery. *See Montanille*

*v. Bd. Of Trs. Of the Nat'l Elevator Indus. Health Ben. Plan*, 136 S. Ct. 651 (2016) (holding that § 502(a)(3) of ERISA precluded an ERISA fiduciary from enforcing a lien against a member's general assets). If, in the future, Plaintiff recovers from Farm Bureau for the funds that the Plan paid, the SHW Plan may have a claim for reimbursement against Plaintiff. But the SHW Plan cannot invoke a lien against a recovery that does not exist in order to prod Plaintiff into bringing suit against its no-fault insurer.

The Plaintiff needs no further relief. Nothing in this order shall be construed to diminish any right that the SHW Plan has against Farm Bureau as a subrogee of its member. The SHW Plan must bring its own complaint before it can obtain relief.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [21] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Farm Bureau's Motion for Summary Judgment [22] is **GRANTED IN PART AND DENIED IN PART**. Farm Bureau must provide primary coverage for expenses arising from Plaintiff's November 18, 2016 motor vehicle accident.

**IT IS HEREBY DECLARED** that as long as she is not in receipt of an actual recovery arising from the November 18, 2016 motor vehicle accident or

related treatment, Plaintiff Julie Elkins has no duty to reimburse her ERISA Plan for expenses paid on her behalf.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 14, 2019          Senior United States District Judge